United States District Court
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RHONDA RAMEY, | NO. C 01-20496 JW |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| CITY OF PACIFIC GROVE ET AL., | [DOCKET NO. 7] |
| Defendants. / | |

## I. INTRODUCTION

Rhonda Ramey ("Plaintiff") brought this action against the City of Pacific Grove, Ross Hubbard, Scott Miller, William Kennedy, and Thomas Uretsky, (collectively "Defendants") alleging violations of her civil rights, retaliation, slander, and libel. Presently before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). Based upon the papers filed by the Parties and for the reasons set forth below, Defendants' Motion is GRANTED IN PART AND DENIED IN PART.

## II. BACKGROUND

From August 1986-January 2001, Plaintiff served as an Animal Control/Parking Enforcement Officer with the Pacific Grove Police Department ("Police Department"). Plaintiff alleges that after Defendant Thomas Uretsky ("Sergeant Uretsky"), a sergeant in the Police Department, discovered that his wife was having an extramarital affair with Plaintiff's husband, he summoned Plaintiff to his office in September 1996, and attempted to convince the Plaintiff to have sexual intercourse with him, which she refused.

Plaintiff claims that on various occasions between September 1996-January 1999, Sergeant Uretsky said to her that God did not approve of her lifestyle and that it was a sin to be bisexual. At the time these statements were made, Plaintiff considered herself to be bisexual. According to Plaintiff, Sergeant Uretsky attempted to convince her to attend his church with him. Plaintiff declined. Plaintiff asserts that she complained to her immediate supervisors at the Police Department about Sergeant Uretsky's behavior. Plaintiff alleges that she even complained to Defendant Scott Miller ("Chief Miller"), the Chief of Police, but that no action was taken.

In November 1998, Sergeant Uretsky was made Plaintiff's immediate supervisor. Plaintiff contends that because she rejected Sergeant Uretsky's advances, he became increasingly critical of her work and even initiated an investigation into her job performance. Plaintiff claims that in August 1999, Sergeant Uretsky issued Plaintiff her first ever substandard job performance evaluation since joining the Police Department in 1986. In November 1999, the Police Department issued Plaintiff a letter of reprimand as a result of the aforementioned investigation.

In December 1999, Plaintiff filed a formal grievance with the Police Department. She forwarded copies of the grievance to the City Attorney, the City Council, the Mayor of Pacific Grove, as well as to Defendant Ross Hubbard ("Hubbard"), the City Manager. Plaintiff alleges that Chief Miller subsequently threatened Plaintiff and told her that her actions would "come back to haunt her."

In February 2000, Plaintiff received a parking citation for parking in front of Pacific Grove City Hall. Upon completing an administrative review form, the citation was rescinded. Defendant William Kennedy ("Captain Kennedy"), a captain in the Police Department, however, issued a Letter of Counseling to Plaintiff for her actions. In spite of Plaintiff's request that the letter be rescinded, Plaintiff alleges that Captain Kennedy refused to respond.

In July 2000, Plaintiff was placed on administrative leave and a criminal investigation was initiated by the Police Department against her. The Police Department asserted that she had improperly received two vehicles from a tow truck company with whom the City possessed a contract. According to Plaintiff, her home was searched after a 126-page search warrant was obtained by the Police Department. Plaintiff asserts that she was forbidden from speaking to anyone about the investigation; forbidden from entering the

2

Police Department's facilities without special permission or an escort; and other members of the Police Department were advised not to speak with her. No criminal charges were ever filed against Plaintiff.

In December 2000, the Police Department issued a letter to Plaintiff stating that it intended to discipline her. Subsequently, the Police Department terminated Plaintiff's employment, effective January 2, 2001. Plaintiff appealed the decision to Pacific Grove's Personnel Hearing Board. While the Board's decision was pending, Plaintiff claims that Chief Miller commented to a local newspaper that she was a perjurer and a "thief," and told members of the Police Department at an in-service training program, as well as through internal Police Department memoranda, that she was a "liar" and a "manipulator."

The Board ordered that Plaintiff be reinstated as an officer in the Police Department. Hubbard, the City Manager, subsequently overruled the Board's decision, and her employment with the Police Department was terminated conclusively on May 14, 2001. In June 2001, Plaintiff filed her Complaint with this Court. Plaintiff's Complaint contains the following claims: (1) Defendants violated 42 U.S.C. §1983; (2) Defendants engaged in illegal retaliation against her; (3) the City of Pacific Grove ("City") violated her civil rights pursuant to Title VII of the Civil Rights Act of 1964; (4) Chief Miller is liable for slander per se; and (5) Chief Miller committed libel per se.

Presently before the Court is Defendants' Motion to Dismiss. Defendants contend that all of her claims with respect to Captain Kennedy and Sergeant Uretsky are time barred. Furthermore, Defendants assert that all of the individual defendants are protected by the defense of qualified immunity. Defendants also claim that Plaintiff's Third Claim is barred because of her failure to exhaust administrative remedies, and Plaintiff's claim of libel and slander against Chief Miller are invalid because his statements were privileged pursuant to California Civil Code Section 47.

### III.  STANDARDS

In ruling on a motion to dismiss, the court must accept as true all allegations of material fact and must construe said allegations in the light most favorable to the non-moving party. Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enterprises, 476 F.2d 393, 396 (9th Cir. 1973).

A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal

1 theory or (2) insufficient facts stated under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). In order to grant a motion to dismiss, it must appear to a certainty that a plaintiff would not be entitled to relief under any set of facts which could be proved. Wool v. Tandem Computers, Inc. 818 F.2d 1433, 1439 (9th Cir. 1987).

## IV. DISCUSSION

1.  42 U.S.C. §1983

Plaintiff alleges in her First and Second Claims for Relief that Defendants deprived her of her civil rights and illegally retaliated against her, when she complained to the City and the Police Department about being harassed by Sergeant Uretsky. Defendants, however, contend that Plaintiff has failed to state any claims upon which relief can be granted and requests that this Court dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). Defendants' Motion to Dismiss is DENIED for the reasons set forth below.

   a.  Statute of Limitations Bar

Defendants argue that Plaintiff's allegations against Captain Kennedy, Sergeant Uretsky, and the City are barred, in whole or in part, by the applicable statute of limitations. Defendants assert that all of the allegations contained in Plaintiff's Complaint, that occurred more than one year prior to the filing of her Complaint in June 2001, are time barred. *See* Knox v. Davis, 2001 WL 883683 (9th Cir. 2001) (one year limitations period applies to §1983 actions brought in California).

Plaintiff does not contest Defendants' contention that there is a one year statute of limitations, but claims that the discriminatory acts alleged by Plaintiff are sufficiently related to one another to constitute a continuing violation well within the relevant limitations period. The Court agrees.

Under the continuing violation doctrine, a plaintiff who successfully shows that a policy or practice operated in part within the limitations period can overcome the one-year requirement. Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1480 (9th Cir. 1989). In Reed v. Lockheed Aircraft Corp., 613 F.2d 757 (9th Cir. 1980), the Ninth Circuit held that a plaintiff's complaint should not be read too narrowly, and that a plaintiff who made sweeping attacks on the defendant's system in general has effectively raised a question of fact as to a continuing violation. Plaintiff may also raise the continuing

4

1  violation doctrine by demonstrating a series of related acts against a single individual, one or more of which
2  falls within the limitations period. <u>Green</u>, 883 F.2d at 1480. The issue is whether the allegedly
3  discriminatory acts are closely related enough to constitute a continuing violation. <u>Id</u>. at 1480-1481; <u>Barker</u>
4  <u>v. County of Humboldt</u>, 1999 WL 13717 (N.D.Cal. 1999).

Plaintiff alleges in her Complaint that a series of related acts were directed against her by Defendants and that a continuing practice of discrimination and harassment existed within the Police Department during the relevant limitations period. Specifically, Plaintiff contends that the Police Department's decision to place her on administrative leave and initiate a criminal investigation of her in July 2000 occurred within one year of the filing of her Complaint. Plaintiff also alleges that the Police Department's determination to terminate her employment in December 2000, and Hubbard's action in May 2001, overturning the Personnel Hearing Board's decision, all occurred well within the relevant limitations period. According to Plaintiff, however, these aforementioned later events were all directly related to the discrimination and harassment she suffered at work in the past, including Captain Kennedy's decision to send her a Letter of Counseling in May 2000; Sergeant Uretsky's determination that Plaintiff's job performance was substandard in August 1999; Sergeant Uretsky's decision in April 1999 to initiate an investigation into her job performance; Sergeant Uretsky's sexual advances towards Plaintiff; and Sergeant Uretsky's invitations to Plaintiff to attend his church with him.

In reading Plaintiff's Complaint liberally, and in light of this Court's obligation to construe all allegations made by Plaintiff in the light most favorable to her for the purposes of this motion, this Court finds that Plaintiff's claims against Defendants are not time barred. Plaintiff has alleged sufficient facts in her Complaint that took place after June 2000, which were sufficiently related to those allegations that occurred prior to June 2000, to establish that her claims are continuous in nature and not time barred. While the Court finds that Plaintiff has met her burden in terms of Defendant's Motion to Dismiss, the Court notes that this does not necessarily mean that Plaintiff possesses sufficient proof to withstand a motion for summary judgment, as to the issue of whether her claims are timely and in compliance with the relevant statute of limitations.

b.  <u>Qualified Immunity</u>

5

1  Defendants also contend that all of the individual defendants are protected by a defense of qualified
2  immunity. Government officials performing discretionary functions are entitled to qualified immunity from
3  damages if their conduct does not violate clearly established statutory or constitutional rights of which a
4  reasonable person would have known. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982). The Ninth Circuit
5  explained that this requires a court to examine (1) whether the law governing the official's conduct was
6  clearly established and (2) pursuant to that law, whether a reasonable officer could have believed that the
7  conduct was lawful. <u>Act Up!/Portland v. Bagley</u>, 988 F.2d 868, 871 (9th Cir. 1993).

8  This Court finds that Plaintiff has alleged sufficient facts for the purposes of this motion to establish
9  that no defense of qualified immunity exists with respect to the individual defendants. Plaintiff alleges that all
10 of the individual defendants committed acts of retribution, discrimination, or harassment because of her
11 refusal to have sexual intercourse with her supervisor, her refusal to attend church with him, and her
12 decision to report his behavior to her superiors. If Plaintiff's allegations for the purposes of this motion are
13 construed as being true, the conduct of the individual defendants clearly violated 42 U.S.C. §2000(e) et
14 seq. and 42 U.S.C. §1983, and no defense of qualified immunity could possibly exist.

15 2. <u>Title VII of the Civil Rights Act of 1964</u>

16 Plaintiff in her Third Claim for Relief asserts that the City created an intimidating, hostile, and
17 offensive working environment that unreasonably interfered with her performance at work. Defendants,
18 however, allege that Plaintiff failed to exhaust her administrative remedies prior to filing this action in district
19 court. The Court agrees and, therefore, GRANTS Defendants' Motion to Dismiss Plaintiff's Third Claim
20 for Relief for the reasons set forth below.

21 In order to bring a Title VII cause of action in district court, Plaintiff must first exhaust her
22 administrative remedies. <u>Greenlaw v. Garrett</u>, 59 F.3d 994, 997 (9th Cir, 1995). Exhaustion requires that a
23 plaintiff comply with regulatory and judicially imposed exhaustion requirements. <u>Harris v. U.S.</u>, 919
24 F.Supp. 343, 345 (S.D.Cal. 1996) (dismissing Title VII claim for failure to exhaust administrative
25 remedies). The Ninth Circuit recognized both a requirement that Plaintiff cooperate with the agency and
26 that he or she not abandon her claims. *See* <u>Vinieratos v. U.S. Dept. of the Air Force</u>, 939 F.2d 762, 768
27 (9th Cir. 1991) ("[A]n administrative exhaustion requirement is meaningless if claimants may impede and

28

1 abandon the administrative process and yet still be heard in the federal courts."). In fact, according to the
2 Ninth Circuit, a claimant cannot abandon his or her claims prior to a final decision being reached by the
3 relevant agency. Id. Impatience with the agency does not justify immediate resort to the courts. Riviera v.
4 U.S. Postal Service, 830 F.2d 1037, 1039 (9th Cir. 1987).

In her Complaint, Plaintiff alleges no facts asserting that she has exhausted her administrative remedies. She merely states that, "she has filed all California and Federal claims required by statute for any cause of action contained" in her Complaint. This Court finds that merely filing a claim with the U.S. Equal Employment Opportunity Commission ("EEOC") is not the equivalent of exhausting administrative remedies. From the facts alleged in Plaintiff's Complaint, it is unclear to what extent she has exhausted her administrative remedies. Plaintiff acknowledges this deficiency in her "Opposition to Motion to Dismiss." In her Opposition, Plaintiff requests that she be granted leave to amend her Complaint and provide the Court with additional facts. Plaintiff's request for leave to amend is GRANTED.

3. Defamation

Plaintiff's Fourth and Fifth Claims for Relief assert that Chief Miller committed libel per se and slander per se in making allegedly defamatory statements to the press as well as other Police Department employees. Defendants, on the other hand, contend that the statements made by Chief Miller are privileged under California law. The Court agrees. Accordingly, Defendants' Motion to Dismiss Plaintiff's Fourth and Fifth Claims for Relief is GRANTED.

Publications made in the proper discharge of an official duty is privileged pursuant to California Civil Code Section 47. The purpose of this official duty privilege is to insure efficiency in government by encouraging policy-making officials to exercise their best judgment in the performance of their duties free from fear of general tort liability. Sanborn v. Chronical Pub. Co., 18 Cal.3d 406, 413 (Cal. 1976). The privilege extends to all state and local officials who engage in the policy-making process. Royer v. Steinberg, 90 Cal.App.3d 490, 501 (1979). The privilege protects any statement by any public official, so long as it is made in the exercise of an executive function. Copp v. Paxton, 52 Cal.Rptr.2d 831, 842-843 (Cal. Ct. App. 1996) (calls for the broad interpretation of this language to encompass all discretionary acts essential to the proper exercise of an executive function); Saroyan v. Burkett, 57 Cal.2d 706, 710 (Cal.

1 1962).

2 Plaintiff alleges that Chief Miller told a local newspaper that she was a perjurer and a thief.
3 Furthermore, Plaintiff claims that Chief Miller referred to her as a "liar" and a "manipulator" at an in-service
4 training program for Police Department employees and in internal memoranda circulated within the Police
5 Department. In light of the fact that Chief Miller is a local official involved with the policy-making process,
6 and that all of his aforementioned statements were made in the exercise of an official function, this Court
7 finds that his statements and remarks are privileged.

8       a. <u>Statements Made to Police Department Employees</u>

9 Even if Plaintiff's allegations are construed as being true, this Court finds that all of the statements
10 and comments allegedly made by Chief Miller to the Police Department are privileged pursuant to
11 California Civil Code Section 47.

12 Chief Miller's remarks at the aforementioned in-service training program were said to Police
13 Department employees at a Police Department training session conducted by Chief Miller as the City's
14 Chief of Police. Similarly, Chief Miller drafted and circulated internal memoranda within the Police
15 Department in his official capacity as Chief of Police. The memoranda were drafted for Police Department
16 employees pertaining to a criminal investigation being pursued by the Police Department.

17 Clearly, all of these statements were made in the exercise of an official function by Chief Miller and
18 are privileged pursuant to California Civil Code Section 47.

19       b. <u>Statements Made to the Press</u>

20 The statements allegedly made by Chief Miller to the press were also sufficiently related to the
21 proper discharge of his official duties to warrant a finding of privilege. According to the facts as alleged in
22 Plaintiff's Complaint, Chief Miller spoke in his capacity as Chief of Police to a local newspaper. He
23 purported to act and speak in that capacity in making the aforementioned remarks and addressed his
24 reasons for dismissing Plaintiff from the Police Department in those comments.

25 This Court finds that Chief Miller's statements to the press are protected by privilege pursuant to
26 California Civil Code Section 47(a). *See* <u>Ingram v. Flippo</u>, 89 Cal.Rptr.2d 60, 69 (Cal. Ct. App. 1999)
27 (finding that District Attorney's decision to release statements to the media alleging that Plaintiff violated the

8

law were protected by privilege and were in the proper discharge of his official duties); Kilgore v. Younger, 180 Cal.Rptr. 657, 662 (Cal. 1982) (State Attorney General's decision to release copies of his report alleging organized criminal activity on the part of Plaintiff were privileged and executed in the proper discharge of an official duty).

In Saroyan, the California Supreme Court found that statements made by the state Superintendent of Banks to a reporter were privileged because he was acting in the exercise of an executive function when he defended the policy of his department to the press, and his statements to the media were related to the defense of that policy. Saroyan v. Burkett, 57 Cal.2d 706 (Cal. 1962). Similarly, Chief Miller spoke to the local press in his capacity as the City's Chief of Police, and his statements were spoken in defense of an executive decision made by his Department with respect to dismissing one of its employees.

### V. CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss is GRANTED IN PART AND DENIED IN PART. Plaintiff has thirty (30) days from the date of this Order to amend her Complaint as to her Third, Fourth, and Fifth Claims for Relief.

The Court also sets a Case Management Conference for February 4, 2002, at 10:00 A.M.

Dated: November 7, 2001
01095986civ

/S/ James Ware
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

clpearce@duanemorris.com

weisslaw@sfo.com

**Dated:**                                              **Richard W. Wieking, Clerk**

                                                    **By:**_____
                                                            **Ronald L. Davis**
                                                            **Courtroom Deputy**